IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CORNELIUS R. WRIGHT, )
)
Petitioner, )
)
v. ) CV 111-090
)
RONALD STRENGTH, Sheriff, )
)
Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Cornelius R. Wright, an inmate presently confined at Richmond County Jail in Augusta, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that this case be **DISMISSED** without prejudice, and that this

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

civil action be **CLOSED**.

## I. BACKGROUND

According to Petitioner, on September 8, 2009, his criminal proceedings in the Superior Court of Richmond County resulted in a mistrial. (Doc. no. 1, pp. 3-4.) Petitioner reports that he has not filed a direct appeal or any other petitions, applications, or motions with respect to his criminal case. (Id. at 4.) Petitioner does not set forth any grounds for relief in his § 2254 motion or otherwise ask that the Court take any specific action.[2]

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state

---

[2]Petitioner submitted a complaint pursuant to 42 U.S.C. § 1983 in a separate case on the same day that he filed the instant petition. Wright v. Daniels, CV 111-091, doc. no. 1 (S.D. Ga. June 16, 2011). Because Petitioner commenced a separate § 1983 cause of action by submitting the complaint in his other case, the Court will address the filings in that case separately and will not consider allegations from such filings in ruling on the instant petition.

2

courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[3] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

---

[3]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

3

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2).[4]

In the case at bar, Petitioner has not exhausted his state court remedies because, whatever claims he may have intended to bring in his federal petition, he indicates in his petition that he has not sought any sort of relief in state court.[5] Thus, Petitioner has not alleged the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to exhaust

---

[4]The Court is cognizant of the guidance provided by the Supreme Court in Granberry v. Greer, 481 U.S. 129 (1987), regarding the evaluation of claims in § 2254 petitions to determine whether to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. Here, however, the Court finds such analysis unnecessary in light of the early stage of Petitioner's criminal proceedings and the fact that he has set forth no grounds for relief in his petition.

[5]To the extent that Petitioner is incarcerated awaiting a new trial following the initial mistrial in his criminal proceedings, the Court recognizes that, under certain limited circumstances, federal habeas corpus relief may be appropriate prior to conviction. See James Wm. Moore et al., Moore's Federal Practice – Criminal Procedure § 671.04 (3d ed. 2011). However, having failed to specify any grounds for relief in his petition, Petitioner plainly fails to assert any claim that might potentially fall within this narrow category. (See generally doc. no. 1.)

his available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice so that Petitioner may file a properly completed petition at the appropriate time.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2.), that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of June, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5